Judge Pechman

FILED LODGED ENTERED RECEIVED
DEC 19 2001
BY CLERK AT SEATTLE
WESTERN DISTRICT US DISTRICT COURT
DISTRICT OF WASHINGTON
DEPUTY

CR 98-00315 #00000015

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAMES RUBIN ROWE, <br> a/k/a KEVIN HOLLOWAY, <br><br> Defendant | NO. CR98-315P <br><br> PLEA AGREEMENT |

The United States of America, by John McKay, United States Attorney, and Floyd G. Short, Assistant United States Attorney for the Western District of Washington, and the defendant, JAMES R. ROWE, and his attorney, Paula Semmes Deutsch, enter into the following Agreement, pursuant to Rule 11(e), Federal Rules of Criminal Procedure.

1    The Charges. The defendant, having been advised of his right to have this matter tried before a jury, agrees to waive that right and to enter a plea of guilty to Counts III, V, and VII of the Indictment, charging Felon in Possession of a Firearm, False Impersonation of a Federal Agent, and False Statement in Obtaining a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1), 912, and 922(a)(6), respectively. In exchange for the defendant's plea of guilty to Counts III, V, and VII, the United States agrees to move to dismiss Counts I, II, IV, VI, and VIII of the Indictment at the time of sentencing. By entering his plea of guilty, the defendant hereby waives any and all objections to the filed charges predicated on the form of the charging Indictment.

PLEA AGREEMENT/ROWE— 1
[CR98-315P]

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

2.   Nature of the Charges   The defendant acknowledges that he understands the charges consist of the following elements:

Count III (Felon in Possession of a Firearm):

1. The defendant knowingly possessed or received a firearm;
2. The firearm had been shipped or transported from one state to another; and
3. At the time the defendant possessed or received the firearm, he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

Count V (False Impersonation of a Federal Agent):

1. The defendant falsely pretended to be an officer or employee acting under the authority of the United States or a department, agency, or officer of the United States; and
2. While acting as such, the defendant demanded or obtained money, paper, a document, or a thing of value.

Count VII (False Statement in Obtaining a Firearm):

1. The defendant bought or attempted to buy a firearm from a licensed firearms dealer;
2. In connection with buying the firearm, the defendant made a false statement;
3. The defendant knew that the statement was false; and
4. The false statement was intended or likely to deceive the firearms dealer into believing that the firearm could be lawfully sold to the defendant.

3.   The Penalties   The defendant understands and acknowledges that the statutory penalties for the offenses of Felon in Possession of a Firearm, False Impersonation of a Federal Agent, and False Statement in Obtaining a Firearm, as charged in Counts III, V, and VII, are as follows:

  a.   Count III (Felon in Possession of a Firearm) - imprisonment for up to ten (10) years, a fine of up to two hundred fifty thousand dollars ($250,000.00), a period of

PLEA AGREEMENT/ROWE— 2
[CR98-315P]

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

supervision following release from prison of up to three (3) years, and a mandatory penalty assessment of one hundred dollars ($100.00).

      b.    <u>Count V (False Impersonation of a Federal Agent)</u> - imprisonment for up to three (3) years, a fine of up to two hundred fifty thousand dollars ($250,000.00), a period of supervision following release from prison of up to one (1) year, and a mandatory penalty assessment of one hundred dollars ($100.00)

      c.    <u>Count VII (False Statement in Obtaining a Firearm)</u> - imprisonment for up to ten (10) years, a fine of up to two hundred fifty thousand dollars ($250,000.00), a period of supervision following release from prison of up to three (3) years, and a mandatory penalty assessment of one hundred dollars ($100.00).

The defendant understands that the penalties set forth above may be applied consecutively and agrees that the penalty assessments shall be paid at or before the time of sentencing.

4.    <u>Rights Waived by Pleading Guilty</u>. The defendant understands and acknowledges that, by pleading guilty, the defendant knowingly and voluntarily waives the following rights

      a    The right to plead not guilty, and to persist in a plea of not guilty;

      b.    The right to be presumed innocent until guilt has been established at trial beyond a reasonable doubt;

      c.    The right to trial before a jury of the defendant's peers, and at that trial, the right to the effective assistance of counsel;

      d.    The right to confront and cross-examine witnesses against the defendant,

      e.    The right to compel or subpoena witnesses to appear on the defendant's behalf;

      f.    The right to testify or to remain silent at trial, at which trial such silence could not be used against the defendant; and

      g.    The right to appeal a finding of guilty or any pretrial rulings.

5.    <u>Applicability of Sentencing Guidelines</u>.   The defendant understands and acknowledges the following:

PLEA AGREEMENT/ROWE— 3
[CR98-315P]

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

        a.        That the United States Sentencing Guidelines, promulgated by the United States Sentencing Commission, are applicable to this case;

        b.        That the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

        c.        That the Court may impose any sentence authorized by law, including a sentence that, under some circumstances, departs from any applicable Sentencing Guidelines range up to the maximum term authorized by law;

        d.        That the Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

        e.        That the defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6.    <u>Ultimate Sentence</u>.  The defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7.    <u>Interdependence of Plea Agreements</u>.  The parties agree that this Plea Agreement is and shall be conditioned upon defendant's entry of a guilty plea pursuant to a plea agreement, and upon the Court's acceptance of that plea agreement, in the case of *United States v. James R. Rowe, a/k/a Steven D. Heitman*, Case No. CR01-275P.

8.    <u>Restitution</u>.  The parties agree and stipulate, pursuant to Title 18, United States Code, Sections 3663(a)(3) and 3663A(a)(3), that defendant shall be ordered to pay restitution in the amount of $22,900 to Michelle Arthington

9.    <u>Statement of Facts</u>.  The parties agree and stipulate to the following facts to support the plea of guilty and for purposes of calculating the offense level under the sentencing guidelines:

> On or about June 29, 1994, at Butch's Gun Shop, in Seattle, Washington, the defendant purchased and received a firearm – a Glock, model 23, .40 caliber, semi-automatic pistol, bearing serial no. AWS708US. In this transaction, the defendant used the false name of Kevin Holloway. The Glock pistol was manufactured outside of the State of Washington and therefore had been shipped or transported to the State of Washington from another state. On December 6, 1993, the defendant had been convicted in the United States District Court for the

PLEA AGREEMENT/ROWE— 4
[CR98-315P]

Southern District of California of bank fraud, a crime that is punishable by up to 30 years in prison.

Also on or about June 29, 1994, at Butch's Gun Shop, the defendant purchased a Colt Model 1911-A1, .45 caliber pistol, bearing serial no. 72153B70. The defendant again used the false name of Kevin Holloway, and he obtained a ten per cent (10%) law enforcement discount on the purchase by representing himself to be a Deputy United States Marshal. In fact, as defendant well knew, he was not a Deputy United States Marshal or otherwise employed by any agency or department of the United States.

On or about July 15, 1994, at Butch's Gun Shop, a federally-licensed firearms dealer, the defendant applied to purchase a Magnum Research 9mm pistol. The defendant completed a Firearms Transaction Record (FTR) as part of his application. On the FTR, defendant again identified himself by the false name of Kevin Holloway. In response to the question on the FTR of whether he had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, the defendant checked the box marked "NO." In fact, as defendant well knew, he had been convicted of bank fraud on December 6, 1993, a crime punishable by more than one year in prison, as noted above. The defendant's false statements on the FTR were material to the lawfulness of the sale of the firearm, and they were intended and likely to deceive the firearms dealer.

Between on or about May 11, 1994, and July 12, 1994, the defendant – while falsely pretending to be a retired Special Agent of the Drug Enforcement Administration and an active Special Agent of the United States Customs Service – persuaded Michelle Arthington to provide him with $22,900. The defendant did not return those funds to her

10. <u>Acceptance of Responsibility.</u> If the defendant has accepted responsibility for the offenses and the United States Probation Office recommends to the Court that the defendant receive a downward adjustment to the sentencing guidelines range because of his acceptance of responsibility, and if the defendant accepts this plea agreement and enters his guilty plea no later than December 19, 2001, the United States will recommend an appropriate downward adjustment pursuant to Section 3E1.1(b) of the United States Sentencing Guidelines.

11. <u>No Motion for Upward Departure.</u> In exchange for the defendant's plea of guilty to Counts III, V, and VII, the United States agrees that it will not seek an upward departure from the applicable Sentencing Guidelines range

12. <u>Good Behavior.</u> The defendant agrees to obey all local, state and federal laws between the date of this Plea Agreement and the date of sentencing, and to serve any sentence imposed by the Court.

13. <u>Breach and Waiver.</u> The defendant understands and agrees that if he breaches this Plea Agreement, he may be prosecuted and sentenced for all of the offenses he may have committed  The defendant agrees that if he breaches this Plea Agreement, the United States

PLEA AGREEMENT/ROWE— 5
[CR98-315P]

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

1  Attorney reserves the right to take whatever steps are necessary to nullify the Plea Agreement,
2  including the filing of a motion to withdraw from the Plea Agreement and/or to set aside the
3  conviction and sentence. The defendant also agrees that if he is in breach of this Plea
4  Agreement, he is deemed to have waived objection to the reinstitution of any charges which may
5  have not been previously prosecuted and to the filing of any additional charges against him.

6     14.    Statute of Limitations. In the event that this Plea Agreement is not accepted by the
7  Court for any reason, or the defendant has breached any of the terms of the Plea Agreement, the
8  defendant agrees that the Statute of Limitations shall be deemed to have been tolled from the
9  date of the Plea Agreement (as handwritten directly above the signature lines on this Plea
10 Agreement) to: (1) the date of nonacceptance of the Plea Agreement by the Court; or (2) the date
11 of breach of the Plea Agreement by the defendant.

12     15.    Voluntariness of Plea. The defendant acknowledges that he has entered this Plea
13 Agreement freely and voluntarily, and that no threats or promises, other than the promises
14 contained in this Plea Agreement, were made to induce the defendant to enter his plea of guilty.

15     16.    Completeness of Agreement. The government and the defendant acknowledge
16 that the above-stated terms and conditions constitute the entire Plea Agreement between the
17 parties and deny the existence of any other terms and conditions not expressly stated herein

18     Dated. this __19__ day of __December__, 2001.

JAMES R. ROWE
Defendant

PAULA SEMMES DEUTSCH
Attorney for Defendant

FLOYD G. SHORT
Assistant United States Attorney

PLEA AGREEMENT/ROWE— 6
[CR98-315P]